UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FITSUM GEBRIT SEGID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01228-SEB-DML |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| JOSHOA SUTTON, | ) | |
| MARK HANSEN, | ) | |
| MARK KOUMANS, | ) | |
| CHAD WOLF, | ) | |
| ATTORNEY GENERAL, | ) | |
| US ATTORNEY SD-IN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On April 22, 2020, Plaintiff Fitsum Gebrit Segid ("Segid") petitioned the Court to review the denial by the Department of Homeland Security's United States Citizenship and Immigration Services ("USCIS"), of his naturalization petition on the grounds that he had made false misrepresentations in his immigrant visa application, was not lawfully admitted to the United States, and cannot establish good moral character. This cause is now before the Court on Defendants' Motion to Dismiss filed on November 6, 2020, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).[1] Dkt. 20. For the

---

[1] Plaintiff has withdrawn his claim under the Administrative Procedure Act ("APA"), apparently recognizing that this court's review under the APA is foreclosed by the availability of relief under Title 8 U.S.C. § 1421(c). Dkt. 26 at 6 n.17. Plaintiff's remaining claim is brought under

1

reasons detailed below, Defendants' Motion to Dismiss is GRANTED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

## Factual Background

Petitioner Segid is a citizen and national of Eritrea. Compl. at ¶ 10. While living in Eritrea and prior to his coming to the United States, he was in a non-marital relationship with Gebriela Abrha, with whom he fathered three children, his first on October 19, 2002. *Id.* at ¶ 21. Nonetheless, on January 1, 2004, Mr. Segid married a different woman, Nebyat Hagos Tesfagebreal, who was and is a United States citizen. *Id.* at ¶ 22. After their marriage, Ms. Tesfagebreal returned to the United States to apply for an immigrant visa for Mr. Segid. *Id.* After Ms. Tesfagebreal left the country, Mr. Segid fathered two more children with Ms. Abrha, his second child on November 18, 2004, and his third child on June 25, 2006. *Id.* at ¶ 21–23.

On March 20, 2006, Mr. Segid signed his Application for Immigrant Visa and Alien Registration (Form DS-230) citing that he was the spouse of a United States citizen. *Id.* at ¶ 26. Although as of that date he had two children with Ms. Abrha and a third child on the way, he marked "N/A" in the Application where he was directed to "List Names, Dates, and Places of Birth, and Addresses of ALL Children." *Id.* (emphasis in original). Accordingly, when Mr. Segid appeared for his visa application interview, the consular officer did not make inquiry concerning any children. *Id.*

---

Title 8 U.S.C. § 1421(c) and the APA claim, which gave rise to Defendants' Fed. R. Civ. P. 12(b)(1) motion, is now moot. Defendants' motion to dismiss is now based only on Fed. R. Civ. P. 12(b)(6).

2

Mr. Segid was granted Lawful Permanent Resident status on February 17, 2007 and applied for United States citizenship eight years later, on April 24, 2015. *Id.* at 1. In completing his Form N-400 Application for Naturalization, Mr. Segid listed all six of his children, including his three children residing in Eritrea as well as three children he subsequently fathered with Ms. Tesfagebreal after having immigrated to the United States. *Id.* at ¶ 29. In 2016, during an interview of Mr. Segid relating to his naturalization application, the USCIS adjudications officer questioned Mr. Segid regarding the information he had provided to obtain his immigrant visa. *Id.* at 1. The USCIS officer specifically asked Mr. Segid if he had ever given a United States government official any information or documentation that was false, fraudulent, or misleading, to which Mr. Segid under oath stated "no." *Id.* at ¶ 30.

On December 26, 2019, USCIS denied Plaintiff's naturalization application on the grounds that Mr. Segid had provided false testimony on his visa application and again during his naturalization interview by failing to disclose that he had three biological children in Eritrea. *Id.* at ¶ 30–33. This litigation challenging the USCIS denial ensued.

## Legal Analysis

### I. Standard of Review

Defendants have filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] When considering whether a plaintiff has failed to state a claim

---

[2] Plaintiff asserts that because Defendants' Motion was filed beyond the sixty-day period permitted by Fed. R. Civ. P. 12(a)(2) it should be construed as a Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c). However, the docket reflects that Defendants—with opposing counsel's consent—filed a Notice of Initial Enlargement of Time to Answer, or

upon which relief can be granted under Rule 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). While the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), the claim asserted must still be "legally cognizable." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If the factual allegations of the complaint, taken as true, do not support a legally cognizable claim for relief, the Court will grant dismissal. *See id.*

## II. Discussion

District courts possess jurisdiction to review decisions denying naturalization applications *de novo*. 8 U.S.C. § 1421(c); *Bijan v. United States Citizenship & Immigration Services*, 900 F.3d 942, 945 (7th Cir. 2018). The issue before us here is whether Mr. Segid has established that he has satisfied the statutory requirements for naturalization based on the facts alleged in his complaint, which are taken as true. *Dorbor v. United States*, 379 F.Supp.3d 765, 767 (W.D. Wis. 2019) (citing *Berenyi v. Immigration & Naturalization Serv.*, 385 U.S. 630, 636–37 (1967)). To qualify for

---

Otherwise Plead, pursuant to S.D. Ind. L.R. 61 [Dkt. 15], extending their filing deadline to and including November 6, 2020. Thus, Defendants' 12(b)(6) motion was timely filed as of November 6, 2020.

naturalization, an applicant bears the burden of establishing, among other prerequisites, that he: (1) has resided continuously in the United States for at least five years after being "lawfully admitted for permanent residence," and (2) has been, and still is, "a person of good moral character" during the relevant time periods. 8 U.S.C. § 1427(a); 8 C.F.R. § 316.2. Defendants assert that Mr. Segid's claim is subject to dismissal because he cannot establish either or both of these prerequisites for naturalization. We address these statutory requirements in turn below.

### A. Mr. Segid Has Failed to Establish His Lawful Admission for Permanent Residence

Mr. Segid sought to have his Lawful Permanent Residence status adjusted to eligibility for naturalized citizenship when he submitted his Form N-400, disclosing for the first time to USCIS that he is the father of six children, three of whom live in Eritrea. To qualify for adjustment of immigration status, the alien seeking such adjustment must be able to establish that he was and remains lawfully admitted into the country. 8 U.S.C. § 1255(a). In the United States, an alien is statutorily inadmissible if, "by fraud or willfully misrepresenting a material fact, [he] seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other [immigration] benefit." 8 U.S.C. § 1182(a)(6)(C)(i). When the government relies on this statute in asserting fraud or willful misrepresentation as a basis for inadmissibility, "it must establish four elements by clear and convincing evidence: (1) the alien misrepresented a fact, (2) he did so willfully, (3) the misrepresentation was material, and (4) the alien procured an immigration benefit as a result." *Ascentic v. Sessions*, 873 F.3d

974, 980 (7th Cir. 2017) (citing *Atunnise v. Mukasey*, 523 F.3d 830, 835 (7th Cir. 2008); *Kalejs v. Immigration & Naturalization Serv.*, 10 F.3d 441, 446 (7th Cir. 1993))

In the context of immigration, "the element of willfulness is satisfied by a finding that the misrepresentation was deliberate and voluntary." *Toribio-Chavez v. Holder*, 611 F.3d 57, 63 (1st Cir. 2010) (internal citation and quotation omitted) (collecting circuit court cases). Importantly, "[a]n intent to deceive is not necessary; rather, knowledge of the falsity is sufficient." *Id.* A misrepresentation is material under Title 8 U.S.C. § 1182(a)(6)(C)(i) "when it tends to shut off a line of inquiry that is relevant to the alien's admissibility and that would predictably have disclosed other facts relevant to his eligibility for a visa, other documentation, or admission the United States." *Matter of D-R-*, 27 I. & N. Dec. 105, 105 (BIA 2017); *see also Kungys v. United States*, 485 U.S. 759, 772 (1988) (holding that a statement or omission is material if it has "a natural tendency to influence the decisions" of immigration officials).

Mr. Segid concedes that he was aware of at least the potential misrepresentation at issue when he wrote "N/A" instead of identifying specifically the children he had fathered in Eritrea. He explains that in marking "not applicable" he did not commit a willful misrepresentation because he did not write or represent that he had *no* children; instead, he merely indicated that he did not believe this information was relevant because his children had been born to someone other than his American wife and were not included on his immigrant visa petition. He characterizes his "N/A" statement as immaterial in that it did not foreclose a line of questioning that would have raised issues as to his eligibility for admissibility and that any immigration benefit he received was

based on the determination that his marriage was *bona fide* and thus unrelated to any misrepresentation concerning the existence of his children.

Defendants assert that Mr. Segid's challenge to the denial of his naturalization petition and the pending petition for review must be dismissed because he has established through his concessions that he was not lawfully admitted to the United States. Mr. Segid admits that he had fathered two children at the time he applied for an immigrant visa and that he wrote "N/A" on his visa application form when directed to list "ALL Children." Defendants contend that this misrepresentation was material because the correct information, if disclosed, could have raised questions about whether Mr. Segid was in a *bona fide* marital relationship with Ms. Tesfagebreal or if instead he married her simply to obtain United States citizenship. Mr. Segid's failure to disclose his children resulted in an inability by the consular officer to pursue such a line of inquiry.

An accurate listing of family members is a significant, material part of the consular officer's review of an immigrant's case when deciding whether a visa application is approved. *See Bijan*, 900 F.3d at 946. In *Bijan v. United States Citizenship & Immigration Services*, the Seventh Circuit held that an immigrant's failure to disclose children with whom he had lost contact on his visa application was a "glaring omission" that made him ineligible for naturalization. *Id.* We are not persuaded by Mr. Segid's claim that his "N/A" response was neither a false nor misleading statement. The visa application explicitly directed Mr. Segid to list "ALL children," not only certain "applicable" children or only those children who may be dependents of the applicant or entitled to support, financial or otherwise.

7

Mr. Segid willfully misrepresented a material fact in procuring a visa into the United States, rendering him inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i). His explanations for his failure to list his children do not overcome or nullify his false representation. Without this truthful disclosure, he was inadmissible when he entered the United States and was therefore never lawfully admitted for permanent residence. Accordingly, he is now statutorily ineligible for naturalization. 8 U.S.C. §§ 1427(a)(1), 1429. Mr. Segid's claim in his petition is not one upon which relief can be granted under 8 U.S.C. § 1421(c).

### B.  Mr. Segid Has Also Failed to Establish His Good Moral Character

Congress has mandated that no person shall be naturalized unless that person "during all periods referred to in this subsection has been and still is a person of good moral character . . . ." *See* 8 U.S.C. § 1427(a)(3). The statutory period during which good moral character is required commences five years before the applicant files a naturalization application and extends until the applicant takes the oath of allegiance and becomes a United States citizen. *Id.*; 8 C.F.R. § 316.10(a)(1). An applicant lacks good moral character—and is thus foreclosed from naturalization—if, during the statutory five year period, he has "given false testimony for the purpose of obtaining any benefits under [the INA]." 8 U.S.C. § 1101(f)(6). "'Testimony' is limited to oral statements made under oath." *Kungys*, 485 U.S. at 780. Statements made by an applicant in a naturalization examination interview are "testimony" within the meaning of 8 U.S.C. § 1101(f)(6). *Bernal v. Immigration & Naturalization Serv.*, 154 F.3d 1020, 1023 (9th Cir. 1998). The false testimony need not be material; the statute "denominates a person to be of bad

8

moral character on account of having given false testimony if he has told even the most immaterial of lies with the subjective intent of obtaining immigration or naturalization benefits." *Kungys*, 485 U.S. at 780.

Here, the period during which Mr. Segid must be able to establish that he has been a person of good moral character ran from April 24, 2010, forward. The facts alleged in the complaint show that Mr. Segid failed to disclose on his visa application that he had any children, anywhere and that he was aware of the misrepresentation on his visa application and thus intended to obtain an immigration benefit, namely, naturalization. In 2016, he denied making a false statement when he testified that he had never given "false or misleading information" while "applying for any immigration benefit" in his naturalization interview.

Mr. Segid maintains that the statute requires a subjective intent to deceive the United States Government and that he lacked this intent because he did not believe he had provided false, fraudulent, or misleading information by marking "N/A" on his form. However, the subjective intent required to establish false testimony is the intent to obtain an immigration benefit; the statute does not require the intent to deceive. *Id.* at 779–80; *Bijan*, 900 F.3d at 946.

Because Mr. Segid cannot establish his eligibility for naturalization due to these false statements, he has failed to state a claim upon which relief may be granted under Title 8 U.S.C. § 1421(c). *See Bijan*, 900 F.3d at 946.

### III.  Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [Dkt. 20] is <u>GRANTED</u> and Plaintiff's complaint is <u>DISMISSED WITH PREJUDICE</u>. Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date: 10/20/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sarah L. Burrow
LEWIS & KAPPES PC
sburrow@lewis-kappes.com

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov

Thomas R. Ruge
LEWIS & KAPPES PC
truge@lewis-kappes.com

Hana Hani Shatila
U.S. DEPARTMENT OF JUSTICE - IMMIGRATION (Washington DC)
hana.h.shatila2@usdoj.gov

Allison Lauren Upchurch
LEWIS & KAPPES PC
aupchurch@lewis-kappes.com